FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICCI K. FRISK,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF WASHINGTON, and OFFICE OF ADMINISTRATIVE HEARINGS,<br><br>Defendants. | No. 2:21-CV-00005-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING TO STATE COURT** |

Before the Court is Defendants' Motion for Summary Judgment Dismissal, ECF No. 35. The motion was considered without oral argument. Plaintiff is represented by Christopher Hogue. Defendants are represented by David L. Force and Katherine A. McNulty. The Court took the motion under advisement and issued a show cause order to the parties, ECF No. 48. Upon considering the briefing, the caselaw, and the parties' arguments, the Court grants Defendants' Motion for Summary Judgment Dismissal and Remands this case back to the Spokane County Superior Court.

### Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING TO STATE COURT** # 1

matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Applicable Law and Analysis

States and state government entities are considered "arms of the State" pursuant to the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Unlike *Monell* liability, states and state's entities are not "persons" under § 1983. Id. at 71.; *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING TO STATE COURT # 2**

1  Here, Defendants are not persons subject to a § 1983. Therefore, the two
2  federal claims pursuant to 42 U.S.C. § 1983 are dismissed.

**Remaining State Claims**

4  A district court may decline to exercise supplemental jurisdiction if it has
5  dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. §
6  1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966)
7  ("Certainly, if the federal claims are dismissed before trial, even though not
8  insubstantial in a jurisdictional sense, the state claims should be dismissed as
9  well."). Here, the Court has granted Defendants' Motion for Summary Judgment
10 concerning the federal claims. The Court declines to exercise supplemental
11 jurisdiction over plaintiffs' state law claims and remands those claims to Spokane
12 County Superior Court.

13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING TO STATE COURT # 3**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment Dismissal, ECF No. 35, is **GRANTED**.
2. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff with respect to the 42 U.S.C. §1983 claims.
3. The above-captioned case is **REMANDED** to the Spokane County Superior Court.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close the file**.

**DATED** this 31st day of March 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING TO STATE COURT** # 4